Filed 7/14/14  In re C.K. CA2/6

# NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## SECOND APPELLATE DISTRICT

## DIVISION SIX

| | |
|---|---|
| In re C.K. et al., Persons Coming Under the Juvenile Court Law. | 2d Juv. No. B252264 (Super. Ct. Nos. J1396131, J1436416) (Santa Barbara County) |
| SANTA BARBARA COUNTY CHILD WELFARE SERVICES, Plaintiff and Respondent, v. A.A., Defendant and Appellant. | |

A.A. appeals orders (judgments) of the juvenile court terminating her parental rights to her children, C.K. and S.S.  (Welf. & Inst. Code, § 366.26.)[1]  We conclude, among other things, that the Santa Barbara County Child Welfare Services (CWS) gave proper notice to A.A.'s tribe consistent with the Indian Child Welfare Act (ICWA) (25 U.S.C. § 1901 et seq.), and the trial court did not err by finding ICWA did not apply.  We affirm.

---

[1] All statutory references are to the Welfare and Institutions Code.

FACTS

A.A. is the mother of two young children, C.K. and S.S.

On October 29, 2012, CWS filed a juvenile dependency petition (§ 300) alleging that A.A. had "an untreated substance abuse problem that affects her ability to provide adequate care to [C.K.]." CWS alleged that on October 25, 2012, A.A. was "arrested for being under the influence of methamphetamine," and that she had a "criminal history" of committing burglary, conspiracy, and using or possessing a controlled substance which placed the child at risk for abuse and neglect.

CWS filed a second juvenile dependency petition (§ 300) alleging that S.S. was at risk for abuse because of A.A.'s substance abuse, sexual abuse by the child's father, and A.A.'s inability to protect the child.

The children were removed from the home and declared dependents of the juvenile court. On June 6, 2013, CWS requested termination of family reunification services. It said A.A. "was not appropriately participating in her drug treatment program."

The trial court terminated reunification services and set a section 366.26 hearing.

On October 31, 2013, the trial court terminated A.A.'s parental rights to the children.

### ICWA

In the jurisdiction/disposition report, CWS said the children's father denied having "any Native American Ancestry." A.A. said that "her father is an enrolled member of the Turtle Mountain Band of Chippewa Indians Belcourt, North Dakota." CWS introduced a photocopy of the tribal enrollment card of A.A.'s father showing his membership in that tribe. It reflected that he had the required one-fourth degree of Indian blood for membership. CWS sent an ICWA notice to that tribe notifying it of the pendency of these proceedings.

2

CWS also sent notice to the Bureau of Indian Affairs (BIA). BIA responded and stated that CWS had "established [the] Tribal information" and directed CWS to "refer notice to the Tribe."

On November 28, 2012, the Turtle Mountain Band of Chippewa Indians (Turtle Mountain Band) determined that A.A.'s children were not eligible for tribal membership. It said an applicant for tribal membership "must possess 1/4 or more Indian Blood as required by [the tribe's constitution]." It said, "[A.A. and the children's father] are not enrolled with the Turtle Mountain Band of Chippewa Tribe. The children would not be eligible or enrolled with [the tribe]."

CWS requested the trial court to find the provisions of ICWA did not apply. On March 7, 2013, the court made that finding.

DISCUSSION

*ICWA Notice*

A.A. contends the trial court erred because CWS did not give notice to all of the Chippewa tribes in the United States as required by ICWA. We disagree.[2]

"ICWA protects the interests of Indian children and promotes the stability and security of Indian tribes by establishing minimum standards for, and permitting tribal participation in, dependency actions." (*In re K.M.* (2009) 172 Cal.App.4th 115, 118.) Proper notice to Indian tribes is a requirement to allow the tribes to identify Indian children from tribal records and to participate in the proceedings. (*Id.* at p. 119.) " For purposes of ICWA, an 'Indian child' is one who is either a 'member of an Indian tribe' or is 'eligible for membership in an Indian tribe and is the biological child of a member of an Indian tribe.' (25 U.S.C. § 1903(4).)" (*Id.* at p. 118.)

A.A. concedes that CWS gave notice to the Turtle Mountain Band. She claims, however, it did not comply with ICWA because it did not give notice to the other 24 federally recognized Chippewa tribes across the country. We disagree.

---

[2] We granted CWS's motion to augment the record and its request to take judicial notice.

3

The Turtle Mountain Band is the tribe through which A.A. had her Indian heritage. A.A.'s father was an enrolled member of that tribe. A.A. told the trial court that she claimed Indian heritage through her father. For ICWA purposes, A.A. was "the biological child of a member of [her father's tribe]"--the Turtle Mountain Band. (*In re K.M.*, *supra*, 172 Cal.App.4th at p. 118.) Consequently, because of this biological connection, C.K.'s and S.S.'s Indian heritage originated from the Turtle Mountain Band. ICWA notice to that tribe was required; notice to other tribes was not.

Section 224.2, subdivision (a) requires ICWA notice be sent to "the minor's tribe." CWS complied. The statute does not contain a requirement for additional notice to other tribes after the children's tribe has been conclusively identified, as in this case. There is nothing in this record to show that A.A. had Indian heritage through any other relative or with any other tribe. A.A.'s position would have had greater weight if her father only knew he was of Chippewa heritage, but did not know the particular tribe. In that case, giving notice to all the tribes would be appropriate so they could determine if he was a member.

CWS notes that A.A.'s father belonged to the only federally recognized Indian tribe in North Dakota. A.A. has not shown why giving notice to other separate and independent tribes in other parts of the country was required. A.A.'s father was not a member of those tribes. There was no error.

The judgments (orders) are affirmed.

NOT TO BE PUBLISHED.


GILBERT, P. J.

We concur:


YEGAN, J.


PERREN, J.

4

Arthur A. Garcia, Judge

Superior Court County of Santa Barbara

_____


Jamie A. Moran, under appointment by the Court of Appeal, for Defendant and Appellant.


Michael C. Ghizzoni, County Counsel, Toni Lorien, Senior Deputy, for Plaintiff and Respondent.